UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Summary Judgment filed by defendant Union Pacific Railroad Company ("UP" or "Defendant"). (Docket No. 26.) Also before the Court is a Motion for Partial Summary Judgment filed by plaintiff Thomas Dunger ("Dunger" or "Plaintiff"). (Docket No. 37.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for June 3, 2019, is vacated, and the matters taken off calendar.

**I.      Factual and Procedural Background**[1]

Plaintiff filed his Complaint against Defendant on April 23, 2018. The Complaint alleges claims for: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and California's Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate under the FEHA; (3) Family and Medical Leave Act ("FMLA") retaliation under the ADA; and (4) California Family Rights Act ("CFRA") retaliation under FEHA.

UP hired Plaintiff as a mechanic on March 14, 2011. During Plaintiff's employment, UP maintained a policy governing employee attendance, of which Plaintiff was aware, that required employees to work when scheduled and explained that "intentional misuse [of leave] and FMLA fraud are grounds for termination." In 2017, UP issued a "Use Family Medical Leave Appropriately" policy ("Leave Policy") and an Ethics Bulletin that both reiterated that employees may be terminated for intentionally misusing FMLA leave. Plaintiff was aware of the Leave Policy and Ethics Bulletin.

Starting in 2013 or 2014, Plaintiff was diagnosed with a hiatal hernia and gastroesophageal reflux disease, which causes Plaintiff to suffer from abdominal pain and

---

[1]   Both parties have filed Evidentiary Objections. (Docket Nos. 42, 44-2.) Except as expressly noted, the Court has not relied on any evidence to which an evidentiary objection has been made. Accordingly, the evidentiary objections are overruled as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

nausea. Plaintiff's symptoms flare up approximately once to twice a month. Over Plaintiff's employment, Plaintiff requested leave several times, and each time, UP granted Plaintiff's leave requests. Plaintiff suffered no negative consequences at work as a result of taking leave on those prior occasions.[2/] On October 5, 2017, Plaintiff applied for intermittent FMLA leave due to his serious medical condition. On October 6, UP sent Plaintiff a letter explaining Plaintiff was preliminarily approved to take intermittent FMLA leave, but requested Plaintiff complete a medical certificate. The completed medical certificate indicated Plaintiff suffered from stomach pain when lifting, bending, pushing, and pulling due to his medical condition.

     Plaintiff went to urgent care on October 19 because he was suffering from severe stomach pain. The nurse practitioner wrote a note indicating he required intermittent leave until October 22, 2017. Plaintiff was scheduled to work the graveyard shift—starting at 10:00 p.m. and ending at 6:00 a.m.—on October 19, October 20, and October 21. Before missing a shift, UP employees were expected to call UP's Layoff Line and indicate the reason for their absence, such as vacation, sick, FMLA leave without pay, and FMLA leave with pay. On October 19, Plaintiff called in before his scheduled shift at approximately 8:00 p.m. and reported he would be out on FMLA leave without pay. On October 20, Plaintiff called in at approximately 9:00 p.m. and indicated that he would be out on FMLA leave with pay. Plaintiff had a preplanned boating trip with his coworkers on October 21. Despite not feeling well before going on the trip, Plaintiff went on the boating trip during the day on October 21 when he was not scheduled to work. While on the boat, Plaintiff fished, but mostly sat and stood. One of Plaintiff's coworkers took a Facebook live video on the boat, which he posted on Facebook at 2:00 p.m. on October 21. In the video, Plaintiff said "I'm not out here." Plaintiff later testified he did not want to be in the video because he thought UP would be upset he was on the boating trip while on FMLA leave. In the evening of October 21 at approximately 8:30 p.m., Plaintiff called in via the UP Layoff Line and reported he would be out on FMLA leave with pay. Plaintiff was not scheduled to work on October 22 and October 23 and returned to work on October 24.

     On about October 25, Plaintiff's coworker Victor Prado showed the Facebook live video to Plaintiff's supervisor, Brad Steffel.[3/] Steffel recalled Plaintiff previously requesting vacation

---

[2/] Plaintiff has filed evidentiary objections to exhibits attached to the Moore Declaration related to Plaintiff's prior FMLA leave requests. The Court overrules Plaintiff's objections because the prior FMLA leave requests and surrounding facts are relevant to Plaintiff's claims for failure to accommodate and FMLA interference.

[3/] Plaintiff objects to the Facebook live video, attached as Exhibit A to Steffel's Declaration, and the transcript of the video from the investigative hearing, attached as Exhibit A to Mader's Declaration. The Court overrules Plaintiff's objections because the portion of the video on which this Court relies is not hearsay, does not lack foundation, and is properly authenticated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

for the days he had taken intermittent FMLA leave, October 19 to 21, but Steffel had denied the vacation request because the maximum number of employees had already requested vacation within the same time frame.[4/]  Steffel decided there was enough evidence to charge Plaintiff with dishonesty for improper FMLA use.

Around November 9, 2017, Steffel sent Plaintiff a Notice of Investigation letter on UP's behalf charging Plaintiff with using FMLA in a manner that was not consistent with the serious medical condition for which he received FMLA and being dishonest when he requested FMLA on October 20 and October 21.  The Notice indicated that the charge was a possible violation of Rule 1.6 of UP's General Code of Operating Rules ("UP's Code"), which states "employees must not be dishonest," meaning "when an employee's actions or statements constitute lying, cheating, theft, or deception."  The Notice instructed Plaintiff to report to an investigative hearing on November 17, 2017 and warned Plaintiff that if he was found in violation of the charge, dismissal may result.

Hearing officer Andreas Mader conducted the investigative hearing.  Plaintiff was represented by a union representative.  Mader considered witness testimony and documentary evidence presented by UP's representative Daniel Glenn, including UP's Code, Ethics Bulletin, the Facebook live video.  During the hearing, Plaintiff did not deny going fishing on October 21, but stated he did not recall whether it was him in the video.  Glenn identified Plaintiff in the video and attributed the statement "I'm not out here" to Plaintiff based on his recognition of Plaintiff's voice.  Plaintiff now admits he was fishing on October 21 and said "I'm not out here."  Mader concluded that a preponderance of the evidence supported the charge, and UP sent Plaintiff a termination letter on November 27, 2017.

Plaintiff's union appealed the termination, but the appeal was denied.  Plaintiff's union then requested a conference before the Public Law Board, and the Board's neutral arbitrator denied Plaintiff's appeal.

## II.     Legal Standard

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show an absence of an issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Once the moving party

---

[4/]     Plaintiff objects to paragraphs 5 and 6 of Steffel's Declaration.  The Court overrules Plaintiff's objections because the testimony is not irrelevant or unduly prejudicial, does not lack foundation, or violate the best evidence rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Id. at 324. The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir 1999). A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir), cert denied, 493 U.S. 809, 110 S. Ct. 51, 107 L. Ed. 2d 20 (1989) (emphasis in original, citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631-32 (9th Cir 1987). The court must view the inferences drawn from the facts "in the light most favorable to the nonmoving party." Id. at 631 (citation omitted). Thus, reasonable doubts about the existence of a factual issue should be resolved against the moving party. Id. at 630-31. However, when the non-moving party's claims are factually "implausible, that party must come forward with more persuasive evidence than would otherwise be [required] . . . ." California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir 1987), cert denied, 484 U.S. 1006, 108 S. Ct. 698, 98 L. Ed. 2d 650 (1988) (citation omitted). "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." Id. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

### III. UP's Motion for Summary Judgment

UP contends that Plaintiff's first claim for disability discrimination under the ADA and FEHA, and fourth claim for CFRA retaliation under FEHA, fail because there is no dispute that UP had a legitimate, non-pretextual, and nondiscriminatory reason to terminate Plaintiff based on his violation of UP's policy against dishonesty and misusing FMLA leave. UP contends Plaintiff's second claim for failure to accommodate under FEHA fails because UP granted all accommodations Plaintiff requested. UP asserts that it is entitled to summary judgment on Plaintiff's third cause of action for FMLA interference based on UP's honest belief that Plaintiff abused his intermittent FMLA leave.

#### A. Claims for Disability Discrimination and CFRA Retaliation

Plaintiff's first claim for disability discrimination under the ADA and FEHA, and fourth claim for CFRA retaliation under the FEHA, both require application of the three-stage burden-shifting test established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36

Case 2:18-cv-06374-PA-SS  Document 78  Filed 06/03/19  Page 5 of 8  Page ID #:4206

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

L. Ed. 2d 668 (1973). See Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1093 (9th Cir. 2001) (applying McDonnell Douglas burden-shifting to ADA disability discrimination claim); Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 354, 100 Cal. Rptr. 2d 352, 378 (2000) (applying McDonnell Douglas burden-shifting to FEHA disability discrimination claim); Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042, 32 Cal. Rptr. 3d 436, 444 (2005) (applying McDonnell Douglas burden-shifting to FEHA retaliation claim).

In applying the McDonnell Douglas burden-shifting framework, first, the plaintiff must demonstrate a prima facie case of discrimination; second, if the plaintiff succeeds, the defendant must "articulate some legitimate, nondiscriminatory reason" for its actions; finally, if the defendant meets its burden, the plaintiff must demonstrate "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." See Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1991); McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824, 36 L. Ed. 2d 668. "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000) (quoting Burdine, 450 U.S. at 253, 101 S. Ct. at 1093).

The degree of proof to demonstrate a prima facie case is minimal, and does not need to rise to the level of a preponderance of the evidence. Coghlan v. Am. Seafoods Co., LLC., 413 F.3d 1090, 1094 (9th Cir. 2005).

> If the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment decision. Although the burden of production shifts to the defendant at this point, the burden of proof remains with the plaintiff at all times. If the employer offers a nondiscriminatory reason, the burden returns to the plaintiff to show that the articulated reason is a pretext for discrimination.

Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003) (citations omitted). A plaintiff may demonstrate pretext either directly, by persuading the Court that discrimination most likely motivated the defendant, or indirectly, by showing that the defendant's proffered explanation is unworthy of credence. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998). An explanation is considered unworthy of credence if it is internally inconsistent or otherwise not believable. Chuang v. Univ. of Cal. Davis, Bd. of Tr., 225 F.3d 1115, 1127 (9th Cir. 2000); Guz, 24 Cal. 4th at 363, 100 Cal. Rptr. 2d at 380 ("[I]n an appropriate case, an inference of

Case 2:18-cv-06374-PA-SS   Document 78   Filed 06/03/19   Page 6 of 8   Page ID #:4207

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

dissembling may arise where the employer has given shifting, contradictory, implausible, uninformed, or factually baseless justifications for its actions."). However, bare assertions of "discriminatory motivation and intent . . . are inadequate, without substantial factual evidence, to raise an issue precluding summary judgment." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983); Guz, 24 Cal. 4th at 362, 100 Cal. Rptr. 2d at 384-85 ("[S]ummary judgment for the employer may . . . be appropriate where, given the strength of the employer's showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive, even if it may technically constitute a prima facie case, is too weak to raise a rational inference that discrimination occurred."); see also Reeves, 530 U.S. at 148 ("For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred."); Guz, 24 Cal. 4th at 362, 100 Cal. Rptr. 2d at 384.

Here, the parties do not dispute that Plaintiff suffers from a disability, that he was qualified for the position, that, at least with respect to his termination, he suffered an adverse employment action, or that UP's policy against dishonesty and FMLA misuse may, in appropriate circumstances, provide a legitimate, nondiscriminatory reason for discharge. The parties do dispute, however, if Plaintiff has established a genuine disputed fact concerning whether UP's application of its policy against dishonesty and FMLA misuse was pretextual.

Plaintiff contends he has succeeded in raising triable issues of fact concerning pretext because there was no basis in fact for UP's determination that Plaintiff had dishonestly misused his leave by going on the boating trip. Plaintiff argues that because Mader and Steffel were not aware of Plaintiff's medical restrictions, they could not know whether he was engaging in activities that were inconsistent with his serious medical condition. Plaintiff argues that if Defendant had reviewed the FMLA certification, Defendant would have understood that Plaintiff did not engage in any activity on the fishing trip that he was restricted from engaging in based on his medical condition. Additionally, Plaintiff emphasizes that he could not have dishonestly used his FMLA leave to go on the fishing trip because his trip occurred between his shifts. All of Plaintiff's arguments are "unavailing" because, in judging whether an employer's "proffered justification were 'false,' it is not important whether they were objectively false . . . . Rather, courts 'only require that an employer honestly believed its reason for its actions, even if its reason is 'foolish or trivial or even baseless.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) (quoting Johnson v. Nordstrom, Inc., 260 F.3d 727, 733 (7th Cir. 2001)).

Therefore, the Court concludes that Plaintiff has failed to satisfy his burden at the third stage of the McDonnell Douglas burden-shifting test to create even a triable issue of fact that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

UP's legitimate nondiscriminatory reason for discharging him was pretextual or done to retaliate against Plaintiff. The Court therefore grants UP's Motion for Summary Judgment on Plaintiff's first and fourth claims.

### B.  Claim for FMLA Interference

While Plaintiff styled his third claim as an FMLA retaliation claim in his Complaint, when an employee is terminated after using FMLA leave, the Ninth Circuit has held that the claim should be brought as an FMLA interference claim. See Bachelder v. America West Airlines, 259 F.3d 1112, 1124 (9th Cir. 2001). 29 C.F.R. § 825.220(a)(1) provides that "[a]n employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights" under the FMLA. To prevail on a claim of interference, the employee "need only prove by a preponderance of the evidence that [the] taking of FMLA-protected leave constituted a negative factor in the decision to terminate." Bachelder, 259 F.3d at 1125; see also 29 C.F.R. § 825.220(c) ("[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."). A plaintiff may prove her claim by using either direct or circumstantial evidence, or both. See Bachelder, 259 F.3d at 1125.

As previously discussed, UP presented evidence that it terminated Plaintiff because he acted in a manner that was inconsistent with his serious medical condition and was dishonest in requesting FMLA leave. Plaintiff has a history of receiving FMLA leave without any negative repercussions from UP. Despite that undisputed evidence, Plaintiff argues that he has raised a triable issue of fact as to whether UP impermissibly considered his FMLA leave in terminating him because UP's reasons for firing Plaintiff have no basis in fact. Plaintiff argues that he has brought evidence showing he was not actually acting in a manner inconsistent with his serious medical condition by going on the fishing trip, nor was he dishonest in taking FMLA leave because his boating trip did not conflict with his work shifts. However, none of that evidence supports an inference that UP impermissibly used Plaintiff's taking of FMLA leave as a factor in the decision to terminate Plaintiff. Even if Plaintiff was able to successfully identify flaws in UP's reasons for Plaintiff's termination, Plaintiff has provided no basis to infer that UP relied on anything other than Plaintiff's dishonesty, which is a lawful basis for termination, in terminating him. As a result, no reasonable fact finder could determine that Plaintiff's taking FMLA leave was a negative factor in his termination. The Court grants UP's Motion for Summary Judgment on Plaintiff's FMLA interference claim.

### C.  Claim for Failure to Accommodate under FEHA

UP argues that Plaintiff cannot establish a triable issue of fact on his failure to accommodate claim under FEHA because Plaintiff was granted every request for leave he ever

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6374 PA (SSx) | Date | June 3, 2019 |
|---|---|---|---|
| Title | Thomas Dunger v. Union Pacific Railroad Company, et al. | | |

made. It is undisputed that during Plaintiff's employment, UP granted all of Plaintiff's leave requests, including his requests for leave based on his serious health condition. Plaintiff has presented no evidence showing UP failed to reasonably accommodate Plaintiff in any way.

Plaintiff relies on Hernandez v. Rancho Santiago Community College District, 22 Cal. App. 5th 1187 (2018), to argue that because he was terminated after being on leave, UP failed to reasonably accommodate his disability. In Hernandez, the plaintiff was terminated while on medical leave to undergo surgery, and the California Court of Appeal held that terminating an employee while on leave does not qualify as a reasonable accommodation. Id. at 1194. Here, it is undisputed Plaintiff was granted FMLA leave for his serious medical condition and was terminated for being dishonest in his taking of FMLA leave. Thus, Hernandez is inapplicable here.

Because Plaintiff has failed to create a genuine issue of material fact on his failure to accommodate claim, the Court grants UP's Motion for Summary Judgment on Plaintiff's second cause of action.

**IV.    Plaintiff's Motion for Partial Summary Judgment**

For the same reasons the Court grants Defendant's Motion for Summary Judgment on Plaintiff's FMLA interference claim, the Court concludes that Plaintiff has failed to establish he is entitled to summary judgment as a matter of law on his FMLA interference claim. Thus, Plaintiff's Motion for Partial Summary Judgment is denied.

### Conclusion

For all of the foregoing reasons, the Court concludes that UP is entitled to summary judgment on all of Plaintiff's claims. The Court denies Plaintiff's Motion for Partial Summary Judgment. The Court will issue a Judgment consistent with this Order. The Pretrial Conference scheduled for June 7, 2019, is vacated, and the matter taken off calendar.

IT IS SO ORDERED.